**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROBIN GORDON,**

      **Plaintiff,**

      v.

**DOLLAR GENERAL CORPORATION,** *et al.*,

      **Defendants.**

**Case No. 2:18-cv-939
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Vascura**

**OPINION AND ORDER**

This matter is before the Court on Defendants Dollar General Corporation, Dollar General, Dolgen Midwest, LLC, and Dolgen Midwest, LLC d/b/a Dollar General's (collectively "Dollar General") Motion for Summary Judgment. (ECF No. 56). Plaintiff has filed her response (ECF No. 63) and Defendants have replied (ECF No 64). The Motion for Summary Judgment is now ripe for review. For the reasons that follow, Defendants' Motion for Summary Judgment is **GRANTED**.

**I.    BACKGROUND**

This is a personal injury case arising out of an accident that occurred on February 9, 2017. Robin and Michael Gordon and their grandson were in a vehicle driven by Mr. Gordon. On February 9th, they stopped at the new Dollar General store located at 7594 Short Road in Amanda, Ohio. (ECF No. 53, Deposition of Robin Gordon ("Robin Dep."), pp. 7:5–8, 17–23). Mr. Gordon entered the parking lot through the eastern entrance, which he believed to be the only entrance or exit from the store. (ECF No. 54, Deposition of Michael Gordon ("Michael Dep.") pp. 16:5–25, 82:22–83:13). The Dollar General store had been open for a few days, but the parking lot was still

under construction, and the surface was still rough. (*Id*., pp. 10:4–10, 25:9–17). While this was Mr. Gordon's first time entering the Dollar General parking lot, he had driven by it on multiple occasions, as he lived just down the road. (*Id*., p. 10:11–18).

Mr. Gordon drove up the ramp to the parking lot alongside a retention wall that separated the parking lot from the "void" beyond the Dollar General property.[1] (*Id*., p. 29). Mr. Gordon parked near the Dollar General store entrance and waited in the car while Plaintiff went inside to purchase a few items. (ECF No. 53, Robin Dep., pp. 7:14–8:5, 22:10–21). Plaintiff got back in the vehicle after shopping and Mr. Gordon drove the vehicle out the same opening to the lot as he did when he entered the parking lot. (ECF No. 54, Michael Dep. p. 16). It is undisputed that there were no lane markings regarding where or how to exit the parking lot. Additionally, there were no vehicles entering or exiting into or out of Dollar General at the time they were leaving. (ECF No. 53, Robin Dep. pp. 33:23–34:1).

As Mr. Gordon exited the parking lot, he drove on the left side of the road, near the edge of the retaining wall. Mr. Gordon's vehicle then went off the paved portion of the road, into the retaining wall. Upon striking the retaining wall, the vehicle flipped over and landed about ten feet below, into the empty void past the Dollar General. (ECF No. 54, Michael Dep. pp. 27:12–20, 29:7–18, 44:22–45:12). Mr. Gordon believes the edge of the parking lot was thinner and "I guess when I got over there, just the edge of the macadam broke down and put me off into that soft stuff."[2] (*Id*. p. 40). He did not take any evasive action to avoid the crash nor did he apply the brakes or attempt to maneuver away from the wall. (*Id*., p. 36:7–14). Plaintiff has no memory of

---

[1] A photograph attached at Exhibit 1 to Michael Gordon's deposition depicts the general layout of the Dollar General store. (ECF No. 56-2).
[2] The "soft stuff" referred to by Mr. Gordon was made up of "soft sand, gravel, and backfill." (ECF No. 54, Michael Dep. p. 29:18).

2

the accident or knowledge of any defect that caused the accident. (ECF No. 53, Robin Dep., pp. 7:22–8:5, 55:5–13).

The Fairfield County Sheriff's Office responded to the accident. (ECF No. 55, Deposition of Benjamin Martens ("Martens Dep."), pp. 6:10–11, 23:12–19). It was cloudy, but daylight, and the investigating officer took photographs of the scene. (*Id.*, pp. 5:22–23, 9:14–20, 34:6–11). The investigating officer determined that the accident occurred because Michael Gordon "drove over the retaining wall and flipped," and Mr. Gordon was driving on the wrong side of the road to exit the parking lot. (*Id.*, pp. 9:14–20, 18:1–4, 22–24, 21:9–16). An empty beer can was found inside the Gordons' vehicle; however, Mr. Gordon was not given a field sobriety test. (*Id.*, pp. 19:6–16, 24:10–14, Exhibit E-1). The investigating officer did not cite any defect in the wall or parking lot that caused or contributed to the accident. (*Id.*, p. 14). Two pictures taken by Martens show the ground near the retaining wall and an ambulance parked at almost the exact location where Mr. Gordon drove over the retaining wall. (*Id.*, Exhibit B). As a result of the accident, Plaintiff suffered spinal injuries and required surgery to repair her T-12 vertebra, broke three ribs on her left side, and suffered injuries to her scapula and collarbone. (ECF No. 53, Robin Dep. p. 62).

Plaintiff initiated this case on July 25, 2018, in the Fairfield County Court of Common Pleas. Defendants removed the case to this Court on August 22, 2018. (ECF No. 1, Not. of Removal). Plaintiff filed an Amended Complaint on February 22, 2019. (ECF No. 25). Plaintiff asserts a negligence claim based on theories of premises liability.

## II. STANDARD OF REVIEW

Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Berryman v. SuperValu Holdings, Inc.*, 669 F.3d 714, 716–17 (6th Cir. 2012). The Court's purpose in

considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id.* at 249–50.

The party seeking summary judgment shoulders the initial burden of presenting the Court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (after burden shifts, nonmovant must "produce evidence that results in a conflict of material fact to be resolved by a jury").

In considering the factual allegations and evidence presented in a motion for summary judgment, the Court "views factual evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). But self-serving affidavits alone are not enough to create an issue of fact sufficient to survive summary judgment. *Johnson v. Washington Cty. Career Ctr.*, 982 F. Supp. 2d 779, 788 (S.D. Ohio 2013). "The mere existence of a scintilla of evidence to support [the non-moving party's] position will be insufficient; there must be evidence on which the jury could

4

reasonably find for the [non-moving party]." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Anderson,* 477 U.S. at 251.

## III. DISCUSSION

Plaintiff Robin Gordon asserts Defendants were negligent based on two theories of premises liability: (1) the pavement of the Dollar General parking lot collapsed, causing the vehicle to fall over the retaining wall; and (2) Dollar General failed to erect a barricade to warn or prevent Mr. Gordon from driving over the retaining wall. Defendants have moved for summary judgment on Plaintiff's claims. Defendants assert that Dollar General owed no duty to Plaintiff because: (1) there is no evidence of a defect in the parking lot; and (2) Dollar General owes no duty to warn of open and obvious conditions. The Court will address these arguments in turn.

**A.      Negligence**

To establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty; (2) a breach of that duty; and (3) an injury proximately resulting therefrom. *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." *Kacsmarik v. Lakefront Lines Arena*, 8th Dist. Cuyahoga No. 95981, 2011-Ohio-2553, ¶ 16. The parties dispute whether Plaintiff can establish the duty element of her negligence claim. "Whether or not a duty exists is a question of law." *Marock v. Barberton Liedertafel*, 9th Dist. Summit No. 23111, 2006-Ohio-5423, ¶ 8.

**1.      Duty**

Here, Plaintiff presents a case predicated upon premises liability and the duty owed by a business owner to customers. A business owner "who operates a store and invites people into his premises to transact business must exercise ordinary care to maintain the premises in a reasonably safe condition so that customer will not be unnecessarily and unreasonably exposed to danger."

5

*Campbell v. Hughes Provision Co.*, 153 Ohio St. 9, 11, 90 N.E.2d 694 (1950).  A business owner is not an insurer of the safety of its customers, but rather owes a duty to maintain the premises in a reasonably safe condition and to warn of concealed dangers of which the owner has or reasonably should have knowledge, so that its customers are not unnecessarily and unreasonably exposed to danger.  *Hochstetler v. Menards*, No. 5:15-cv-01496, 2016 WL 4729306, at *3 (N.D. Ohio Sep. 12, 2016).  A business has no duty to protect an invitee from dangers that are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them. *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589, 591 (1968). "The rationale behind the [open and obvious] doctrine is that the open and obvious nature of the hazard itself serves as a warning." *Simmers v. Bentley Constr. Co*., 64 Ohio St.3d 642, 597 N.E.2d 504, 506 (1992).  The open and obvious doctrine concerns the first element of negligence, i.e., whether a duty exists.  "Therefore, the open and obvious doctrine obviates any duty to warn of an obvious hazard and bars negligence claims for injuries related to the hazard."  *Henry v. Dollar Gen. Store*, 2nd Dist. Greene No. 2002-CA-47, 2003-Ohio-206, ¶ 7; *see also Hobart v. Newton Falls*, 11th Dist. Trumbull No. 2002-T-0122, 2003-Ohio-5004, ¶ 10.  Where a hazard is open and obvious, a business owner owes no duty to an invitee, and it is unnecessary to consider the issues of breach and causation.  *Ward v. Wal-Mart Stores Inc.*, 11th Dist. Lake No. 2000-L-171, 2001-Ohio-4041, ¶ 10, *aff'd*, 99 Ohio St.3d 210, 2003-Ohio-3138, 790 N.E.2d 328.

      **a.**     **Open and Obvious**

Defendants argue that Plaintiff cannot establish the duty element for her negligence claim because the edge of the parking lot and the subsequent drop-off were open and obvious conditions and were admittedly known by Mr. Gordon.  Plaintiff responds that Dollar General parking lot contained latent defects that were not open and obvious.

A latent danger is "a danger that is hidden, concealed and not discoverable by ordinary inspection, that is, not appearing on the face of a thing and not discernible by examination." *Potts v. Smith Constr. Co.*, 23 Ohio App.2d 144, 148 (1970). By contrast, a danger that is readily "observable" is deemed to be "open and obvious." *Beach v. Wal–Mart Stores E., Inc.*, No. 2:15-cv-1123, 2016 WL 7223392 at *2 (S.D. Ohio Dec. 13, 2016) (citing *Lydic v. Lowe's Cos., Inc.*, 10th Dist. Franklin No. 01AP-1432, 2002-Ohio-5001, ¶ 10). A property owner has a duty to warn of or make safe latent or hidden dangers, however, a danger that is open and obvious eliminates the duty to warn and acts as a complete bar to recovery. *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, 1089–90 (2003). When a danger is open and obvious, a premises owner may reasonably expect its patrons to discover the hazard and take appropriate measures to protect themselves. *Simmers v. Bentley Constr. Co.*, 64 Ohio St. 3d 642, 644, 597 N.E.2d 504 (1992). When a plaintiff claims injury from a danger that a court determines to have been open and obvious, summary judgment is appropriate because the premises owner has no duty. *Best Buy* at ¶ 15.

"The law uses an objective, not subjective, standard when determining whether a danger is open and obvious." *Armstrong v. Lakes Golf & Country Club*, 2018-Ohio-1018, 98 N.E.3d 328, 335 (5th Dist.). "The determinative issue is whether the condition is observable" by an "objective, reasonable person." *Id*. Under Ohio law, the determination of whether a danger is open and obvious is typically resolved by a trial court prior to trial. *See Ewers v. Lowe's Home Ctrs, LLC*, No. 1:18-cv-554, 2019 WL 5455532, at *4 (S.D. Ohio Oct. 24, 2019).

Defendants direct the Court to a factually similar case, *Gardner v. Kinstlinger*, 9th Dist. Summit No. 26374, 2012-Ohio-5486. In *Gardner*, the plaintiff was driving through a parking lot and attempted to make a wide turn around a tight corner on a business's property. *Id*. at ¶ 3. When

7

plaintiff made the turn, her tires went over a retaining wall made of railroad ties that separated the parking lot from an adjacent vacant lot. *Id.* Her car flipped and landed on the adjacent property approximately three to four feet below. *Id.* The plaintiff sued the property owner, alleging it failed to protect her from a hazardous condition. *Id.* at ¶ 4. The trial court granted the premises owner summary judgment, finding that there was no duty to warn plaintiff of the open and obvious danger posed by the retaining wall. *Id.* The court of appeals affirmed. *Id.* The plaintiff further testified that she knew the wall was there, but she had simply "misjudged" the distance in trying to navigate her car in the lot. *Id.* at ¶ 12. Because the danger was open and obvious, the plaintiff could not establish the duty element of her claim. *Id.* at ¶ 13.

Plaintiff relies on *Highway Constr. Co. v. Sorna*, 122 Ohio St. 258, 264, 171 N.E. 312, (1930), in support of her claim that the Dollar General lot contained latent defects. In *Sorna*, the plaintiff attempted to cross a street that had been excavated and the dirt bank gave out and she was injured. The court held that plaintiff was aware of the "nature and character of the excavation" but was not aware of the latent defect of the bank and its "liability to crumble." *Id.* at 265. Relying on *Sorna*, Plaintiff asserts that "a reasonable person would not expect the parking lot to crumble and collapse beneath their vehicle while exiting the parking lot." (ECF No. 63, Pl.'s Resp. at 11). The only evidence Plaintiff offers to support her claim that the parking lot crumbled and collapsed is the testimony of Mr. Gordon who describes that the edge of the blacktop may have broken down. There is no physical evidence to support this contention. Plaintiff also submits the expert opinion of Robert Burch, however, his opinion does not support Plaintiff's position in this case. Burch opined that

> Dollar General created a dangerous condition for invited guests by failing to construct barriers or warning signs to warn of the unprotected retaining wall. Dollar General created a dangerous condition for invited guests by failing to properly provide and maintain pavement markings to warn and guide motorist into and out

8

> of the lot area. Dollar General created an extremely dangerous condition for invited guests by leaving the east side of the parking lot in an unprotected unstable condition with rough unfinished asphalt and loose gravel. With respect to the parking lot, Dollar General was extremely negligent and showed total disregard for the safety of invited guests.

(ECF No. 63-5, Burch Report at 9). The primary opinions of Mr. Burch concern Dollar General's failure to warn of the danger of the retaining wall and lack of markings on the pavement, however, Plaintiff concedes those dangers were open and obvious. Mr. Burch does refer to the rough unfinished asphalt and loose gravel but does not offer any opinion to support Plaintiff's theory that the road sucked the car in or crumbled and collapsed.

Just like the plaintiff in *Gardner*, Mr. Gordon was aware of the retention wall. (Michael Dep., pp. 16:5–25, 29:7–18, 44:22–45:12, 82:22–83:13). He was aware of the drop off after the wall and the void beyond the parking lot. (*Id.*, pp. 44:22–45:12). Mr. Gordon chose to drive on the incorrect side of the exit and simply misjudged the parking lot in making his turn to exit. (*Id.*, pp. 16:5–25, 29:7–18, 44:22–45:12, 82:22–83:13). The Court agrees with the reasoning set forth in *Gardner* and finds that, viewed from a reasonable person's vantage point, the edge of the parking lot and retaining wall constituted an open and obvious danger. Even the rough asphalt and loose gravel were open and obvious. Mr. Gordon could have recognized those dangers, chosen to stay away from them, and driven on the correct side of the road. Accordingly, Dollar General had no duty to warn of the open and obvious danger posed by the edge of the parking lot and the retaining wall.

      **b.    Defect in the Parking Lot**

Plaintiff asserts that the pavement collapsed causing the motor vehicle, in which Plaintiff was a passenger, to be "pulled into the sloped 'soft stuff' area between the parking lot and retaining wall which 'sucked' the motor vehicle down into the retaining wall resulting in the vehicle flipping

over it." (ECF No. 63, citing Michael Dep. pp. 18:22–25, 19:1). Defendants argue that the evidence shows that there is no evidence of an actionable defect on the premises.

In addition to Michael Gordon's description of what happened, Plaintiff offers the expert report of Robert Burch who opined that "Dollar General created an extremely dangerous condition for invited guests by leaving the east side of the parking lot in an unprotected unstable condition with rough unfinished asphalt and loose gravel. (ECF No. 63-5, Burch Report at 2).

Generally, no liability exists for minor imperfections in the surface of a parking lot as those slight irregularities should be reasonably anticipated. *Neumeier v. City of Lima*, 3rd Dist. Allen No. 1-05-23, 2005-Ohio-5376, ¶ 14 (citing *Jeswald v. Hutt*, 15 Ohio St.2d 224, 239 N.E.2d 37, para. two of the syllabus (1968)). In *Neumeier*, the plaintiff sued the city after she slipped and fell when she stepped out of her vehicle in a city-owned parking lot on her way to testify in a criminal proceeding. *Neumeier*, 2005-Ohio-5376, at ¶ 2. The plaintiff alleged that the city was negligent in allowing the area around a sewer grate next to her parking space to break down, creating loose pavement which caused her to fall. *Id.* at ¶ 3. In support of her position, the plaintiff provided photographs of the sewer grate showing that the grate was sunken and the surrounding area contained loose pavement. *Id.* at ¶ 17. In response, the city argued that the condition of the parking lot did not constitute a defect, the city had no notice of a defect, and any defect in the area was open and obvious. *Id.* The trial court granted the city's motion for summary judgment finding that the condition did not constitute a defect and that the condition was open and obvious. *Id.* The appellate court applied the general rule that minor imperfections in parking lots do not give rise to liability. *Id.* at ¶¶ 16–17. The reasoning behind the rule is that by their nature, parking lots will not be as smooth as sidewalks. *Id.* at ¶ 16. While the court noted that the evidence showed the area surrounding the sewer grate was in "slight disrepair," it did not rise to the level of a

10

"substantial defect" required to impose liability. *Id*. at ¶ 17. This type of surface irregularity with the loose pavement was exactly the type one may expect to encounter in a parking lot. *Id*. Because the plaintiff could not show that an alleged defect in a parking lot was more than a "minor imperfection," the city was entitled to summary judgment. *Id*. at ¶ 18.

Similarly, here, the Court finds that there is no evidence of a substantial defect in the Dollar General parking lot. Mr. Gordon testified that he recalled some loose gravel along the side of the retaining wall; however, there was no evidence of any substantial defect with the parking lot. In addition to the lack of physical evidence to support Plaintiff's position, Defendants request the Court disregard Mr. Gordon's testimony because of the Physical Facts Rule. The Physical Facts Rule provides that a witness's testimony that is positively contradicted by the physical facts cannot be given probative value by the court. *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802–03 (6th Cir. 2000) (citing *McDonald v. Ford Motor Co.*, 42 Ohio St.2d 8, 11–12, 326 N.E.2d 252 (1975)). In other words, if one party presents enough physical evidence that supports its version of a controverted issue, then the other party's testimony regarding the issue might be rendered so inherently incredible that a court should not give it any probative value. *Id*. at 803. Such physical evidence may include properly authenticated photographs. *Id*.; *Maret v. CSX Transp., Inc.*, 130 Ohio App.3d 816, 823–24, 721 N.E.2d 452 (1st Dist. 1998).

Defendants assert that the physical evidence shows that while there may have been some minor irregularities in the surface of the parking lot, the area where Mr. Gordon drove over the retaining wall stayed intact and was able to support an ambulance. This is evidenced in the photographs taken of the accident scene by the investigating officer and the officer's accident report. (ECF No. 55, Martens Dep., pp. 9:14–20, 14:11–15, 18:1–4, 21:9–16, 24:10–14).

Plaintiff counters that the ambulance photograph is inconclusive and does not show how close the ambulance was to the edge the pavement. Plaintiff asserts that the physical facts rule is meant to "strike(s) a balance between . . . the commonsense notion that physical facts and evidence can be so conclusive. . . that no reasonable person could accept the truth of contrary testimony, and . . . the need for courts to be wary of treating a party's theory of a case as 'fact,' when a different theory is also possible." *McDonald*, 42 Ohio St.2d at 13. Further, the physical facts rule should not be applied lightly and application is still subject to finding the facts most favorable to the nonmoving party. *Bell v. City of Cleveland*, 1:07CV3224, 2010 U.S. Dist. LEXIS 156105 (N.D. Ohio Mar. 25, 2010).

The Court finds Defendants' photographs overwhelmingly persuasive to show that the pavement did not crumble and appeared to be stable. However, the Court does not need to strike or disregard Mr. Gordon's testimony and declines to do so. Plaintiff has not offered any evidence to support her theory that the parking lot collapsed, crumbled, or disintegrated under the vehicle driven by Mr. Gordon.

The investigating officer and Michael D. Dorohoff ("Dorohoff")—a Professional Engineer, employed as a Senior Mechanical Engineer at SEA Ltd.—concluded that this accident occurred as a result of Mr. Gordon's "lack of attention while attempting to exit the Dollar General parking lot." (ECF No. 55, Martens Dep. 9:14–20, 18:1–4, 22–24, 21:9–16; Expert Report of Michael D. Dorohoff ("Dorohoff Report") at p. 8 (ECF No. 57-2)). Mr. Dorohoff observed: "There is no indication of a sinkhole or other cataphoric collapse of the parking lot surface or wall. In fact, several police photographs show the large, heavy duty Amanda Township Fire Department ambulance parked safely near the retaining wall in the location where the Gordon Chevrolet drove over." (*Id.*).

Therefore, based on the evidence presented and construing the facts in Plaintiff's favor, the Court does not find that there was a defect in the parking lot. The mere occurrence of an injury does not give rise to a presumption of negligence. *Parras v. Std. Oil Co.*, 160 Ohio St. 315, 319, 116 N.E.2d 300 (1953). Instead, the evidence shows that the pavement where Mr. Gordon drove over the retaining wall did not collapse or disintegrate, but rather, remained intact and was able to support multiple vehicles during the investigation of the accident. Because Plaintiff cannot establish an actionable defect exists, her negligence claim fails as a matter of law. Further, there is no basis for Plaintiff's claim that her injuries occurred but–for Dollar General's actions. Rather, it appears the accident was a result of Mr. Gordon's actions. The Dorohoff Report shows that based upon the approximate speed Mr. Gordon was traveling, and the distance from the retaining wall, Mr. Gordon would have been able to avoid the crash if he paid attention to where he was driving. (ECF No. 57-2, Dorohoff Report, pp. 6–7). "There was ample time and distance available to Mr. Gordon to avoid this accident." (*Id.*, p. 7.). Mr. Gordon had at least nine seconds to observe the retaining wall and avoid it by turning his vehicle or applying the brake. (*Id.*, p. 8). The surface of the parking lot did not cause Mr. Gordon to drive over the retaining wall. (*Id.*, pp. 7–8). The Court agrees and finds that Plaintiff has failed to set forth a claim for negligence and Defendants are therefore entitled to judgment in their favor.

## IV.   CONCLUSION

Based on the aforementioned, Defendants' Motion for Summary Judgment is **GRANTED**.

The Clerk is directed to **REMOVE** ECF No. 56 from the Court's pending motions list. The Clerk is further directed to enter final judgment in favor of Defendants and **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED.**

                                                                                                 _____
                                                          **ALGENON L. MARBLEY, CHIEF JUDGE**
                                                          **UNITED STATES DISTRICT COURT**

**DATED:  August 18, 2020**